**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CHRISTOPHER BROWN,

Plaintiff,

v.

MILWAUKEE COUNTY, JUDGE KEVIN MARTENS, JOHN DOE, and JANE DOE,

Defendants.

Case No. 26-CV-1372-JPS

**ORDER**

## 1. INTRODUCTION

On August 11, 2026, Plaintiff Christopher Brown ("Plaintiff"), who proceeds pro se, filed this action. ECF No. 1. Plaintiff paid the filing fee when he filed his original complaint. ECF No. 1 docket entry. Plaintiff filed an amended complaint on August 26, 2026. ECF No. 3. He also moves the Court to order U.S. Marshal service of his amended complaint on the defendants in this case. ECF No. 5. Notwithstanding Plaintiff's payment of the filing fee, the Court will screen Plaintiff's complaint in accordance with 28 U.S.C. § 1915. The Court finds that the amended complaint cannot proceed as pled, but will allow Plaintiff leave to amend his complaint to address these deficiencies.

## 2. SCREENING STANDARD

"[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). The purpose of such screening is to identify claims that are legally "frivolous or malicious," that fail to state a claim

upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citing *Rowe*, 196 F.3d at 783)). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**3. FACTUAL ALLEGATIONS**

Plaintiff's original complaint and amended complaint are substantially similar in their factual allegations. Plaintiff alleges that, between January and February 2026, Judge Kevin Martens violated Plaintiff's civil rights by "privately and publicly communicat[ing] with" two of Plaintiff's witnesses in a child custody case without Plaintiff present. ECF No. 3 at 2; *see also* ECF No. 1 at 2 (indicating that the case at issue was a child custody case). Plaintiff alleges that the judge "instructed" the two witnesses "to violate their legal subpoena to appear in [c]ourt" and instead ordered them to appear by Zoom. ECF No. 3 at 2–3. Plaintiff alleges that the judge then dismissed Plaintiff's witnesses without allowing Plaintiff to question them, in violation of Wisconsin law. *Id.* at 3.

Plaintiff also lists as defendants Milwaukee County, John Doe, and Jane Doe, but does not allege any facts related to these defendants. *See id.* at 1. For relief, Plaintiff seeks an award of $20,000,000 and that the Court "refer

any party that is found to have engaged in Intimidation of Witnesses and Officers of the Court that failed to report the action" to the appropriate authorities, as well as costs and legal fees. *Id.* at 4.

**4. ANALYSIS**

Plaintiff's original complaint and amended complaint are substantially similar in their factual allegations. Plaintiff's allegations do not serve as a basis for federal subject-matter jurisdiction. Plaintiff purports to proceed under diversity jurisdiction, but he cannot do so because both he and the known defendants are citizens of Wisconsin and thus no diversity of citizenship exists. ECF No. 1 at 1–2; ECF No. 3 at 1–2; 28 U.S.C. § 1332.

In Plaintiff's original complaint, he instead purported to proceed under federal question jurisdiction, but neither of his complaints allege facts that suggest a claim under federal law. Further, federal courts do not have subject-matter jurisdiction over state family law matters such as child custody proceedings.

Section 1983 requires a plaintiff to show "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). First, to the extent Plaintiff believes the child-custody proceedings violated his constitutional rights, Plaintiff does not specify which of his constitutional rights were allegedly violated and has not pleaded facts that would support any claim of deprivation of a constitutional right. Additionally, a family-court judge has absolute immunity against damages for judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

Second, to the extent that Plaintiff is dissatisfied with the state court child custody proceedings, this Court does not have federal subject-matter jurisdiction to review family court cases. "Federal courts must avoid deciding cases involving 'divorce, alimony, and child custody decrees,' . . . for reasons including state courts' superior expertise in these matters." *Huiras v. Cafferty*, No. 23-1385, 2023 WL 6566492, at *2 (7th Cir. Oct. 10, 2023) (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) then citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) and *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)). This domestic relations exception "applies 'to both federal-question and diversity suits.'" *Id.* (quoting *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)); *Huiras v. Huiras*, No. 25-CV-1416-SCD, 2025 WL 3481780, at *2 (E.D. Wis. Sept. 26, 2025), *report and recommendation adopted*, No. 25-CV-1416-JPS, 2025 WL 3215864 (E.D. Wis. Nov. 18, 2025)). Plaintiff's allegations seem to fit squarely within the domestic-relations exception to federal subject-matter jurisdiction.

## 5. CONCLUSION

For these reasons, Plaintiff's amended complaint is subject to dismissal. The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend his complaint unless amending would be futile or otherwise unwarranted. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if Plaintiff believes he can cure the deficiencies identified in this decision, he may file a second amended complaint. Any amended complaint must be filed on or before **October 6, 2026**.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Amended

Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the other complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiff wishes to file a second amended complaint, he must include *all* of the allegations and claims (including those from his prior complaints) that he wishes to make, in a single filing without reference to other documents. If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Because Plaintiff's amended complaint cannot proceed as pled, the Court will deny without prejudice Plaintiff's motion for an order of U.S. Marshals' service on defendants. Plaintiff may renew his motion alongside his second amended complaint, if he chooses to file one.

Accordingly,

**IT IS ORDERED** that on or before **October 6, 2026**, Plaintiff Christopher Brown shall file a second amended complaint using the provided form and in accordance with the instructions provided herein; failure to timely do so will result in dismissal of this action without prejudice;

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff a blank non-prisoner amended complaint form along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff Christopher Brown's motion for order for the U.S. Marshals to serve defendants, ECF No. 5, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.